# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MARK ANTHONY RILEY ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| vs. ) | |
| ) | Complaint |
| FIRST ADVANTAGE ) | |
| BACKGROUND SERVICES ) | |
| CORPORATION ) | |
| ) | |
| ) | Jury Trial Demand |
| Defendant. ) | |

## COMPLAINT

### I.     PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant First Advantage Background Services Corporation (hereafter "First Advantage") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant First Advantage is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## II.   PARTIES

4. Plaintiff Mark Anthony Riley is an adult individual who resides in the State of Minnesota.

5. Defendant First Advantage Background Services Corporation is a business entity that regularly conducts business in the Northern District of Georgia and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## III.   JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

7. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## IV.　STATEMENT OF FACTS

8.　Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

9.　The inaccurate information includes, but is not limited to, both a false criminal history labeling the Plaintiff as having multiple felonies and misdemeanors and personal identifying information.

10.　The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a person who has a lengthy criminal background. It appears that Defendant, as a result of its unreasonable faulty procedures, produced a consumer report that identified Plaintiff as having been convicted of multiple felonies and misdemeanors from the state of Florida when those crimes belong to an individual who has a similar name as Plaintiff and not to Plaintiff. Defendant mixed the background information of Plaintiff and that of another consumer with respect to the inaccurate information, criminal history and other personal identifying information.

11.　Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that they have disseminated to various persons and prospective employers, both known and unknown.

12. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities with Amazon, in January 2023. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer report with Defendant and that the inaccurate information was a substantial factor for those denials.

13. Plaintiff previously disputed the inaccurate information with Defendant in or around 2021 and Defendant removed the inaccurate information.

14. On or around January 2023, Defendant improperly re-inserted the inaccurate information into Plaintiff's report.

15. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by prospective employers, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving employment opportunities, known and unknown.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation, and embarrassment.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

## COUNT ONE - FCRA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned background screening report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and § 1681i.

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Screening Report, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees; and

E.     Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:   /s/ Jeffrey Sand
       JEFFREY SAND, ESQ.
       800 Battery Avenue SE
       Suite 100
       Atlanta, GA 30339
       Telephone: (404) 205-5029
       Fax: (866) 800-1482
       E-mail: js@wsjustice.com

       Attorneys for Plaintiff

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Geoffrey Baskerville*
       GEOFFREY H. BASKERVILLE, ESQ.
       *Pro Hac Vice forthcoming*
       1600 Market Street
       Suite 2510
       Philadelphia, PA 19103
       Telephone: (215) 735-8600
       Facsimile: (215) 940-8000
       gbaskerville@consumerlawfirm.com

       ***Attorneys for Plaintiff***

Dated: March 11, 2024